

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| MURRAY MORGAN, RENEE ANDREWS, and ROBERT ORSELLO,<br><br>Plaintiffs,<br><br>vs.<br><br>RSUI INDEMNITY COMPANY,<br><br>Defendant. | No. CV-19-43-BU-SEH<br><br>ORDER |

Defendants removed this action from state court by Notice of Removal filed August 14, 2019.[1] However, jurisdiction is not well-pleaded.

The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The "strong presumption" against removal jurisdiction requires the defendant to carry the burden of showing removal is proper. *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.*

---

[1] Doc. 1.

1

The Notice asserts federal jurisdiction under 28 U.S.C. §§1332(a)(1) and 1441. 28 U.S.C. §1332(a)(1) states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;

Only residence of Plaintiffs is alleged. The diversity statute speaks of diversity of citizenship, not of residency. *Kanter v. Warner-Lambert*, 265 F.3d 853, 857 (9th Cir. 2001). Citizenship cannot be "deemed" by residency. *Id.* Diversity of citizenship is not pleaded.[2]

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised at any time. Moreover, the objection may be raised by a party, or by the courts own initiative, at any stage in the litigation, even after the trial and judgment entry. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

ORDERED:

This case will be remanded to state court on August 23, 2019, unless Defendant files an amended notice of removal properly alleging jurisdiction on or

---

[2] Doc. 1 at ¶ 11.

2

before that date.

DATED this 16th day of August, 2019.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge